IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CENTRAL SOURCE LLC,<br>P.O. Box 105283<br>Atlanta, Georgia, 30348,<br><br>    Plaintiff,<br><br>v.<br><br>ANNUALCREDITDREPORT.COM,<br>ANNUALCREDITREPORFT.COM,<br>ANNYALCREDITREPORT.COM,<br>20ANNUALCREDITREPORT.COM, and<br>QANNUALCREDITREPORT.COM,<br><br>    Defendants. | Civil Action No. 1:23-cv-586 |

**COMPLAINT**

Plaintiff Central Source LLC ("Central Source"), through counsel, alleges as follows for its *in rem* Complaint against Defendants annualcreditdreport.com, annualcreditreporft.com, annyalcreditreport.com, 20annualcreditreport.com, and qannualcreditreport.com (the "Domain Names").

**NATURE OF THE SUIT**

1. This is an *in rem* action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

2. Studies have shown that over 95% of the 500 most popular sites on the Internet are targets of "typosquatting"—registration or use of a domain name that represents a typographical error of the legitimate site, and which is typically used to display advertisements related to the legitimate site, to distribute computer viruses or "malware," or to collect visitors' personal information for inappropriate or illegal uses.

3. Typosquatting harms consumers by causing confusion with the legitimate sites being sought by the consumers and very often results in consumers' computers being infected with computer viruses, "bloatware" or other unwanted software, consumer's personal information being collected and misused, and/or consumers being presented with an endless stream of unwanted advertisements.

4. In the present case, Plaintiff's invaluable rights in the distinctive AnnualCreditReport mark have been deliberately infringed through the bad faith registration and use of the Defendant Domain Names, which domain names are confusingly similar to the AnnualCreditReport mark. Plaintiff previously has taken action to protect consumers from similar websites through the pursuit of a number of suits in this Court, obtaining the transfer of domain names that infringe upon the AnnualCreditReport mark and were registered and/or used in bad faith. *See Central Source LLC v. aannualcreditreports.com*, 1:21-CV-1439 (E.D. Va. Dec. 27, 2021); *Central Source LLC v. annualcrditreports.com*, 1:20-CV-792 (E.D. Va. July 15, 2020); *Central Source LLC v. annaulcreditreports.com*, 1:20-CV-84 (E.D. Va. Jan. 24, 2020); *Central Source LLC v. annalcreditreport.co*, 1:18-CV-1316 (E.D. Va. Oct. 19, 2018); *Central Source LLC v. annualcreditreportmonitoring.com*, 1:18-CV-453 (E.D. Va. Apr. 19, 2018)*; Central Source LLC v. afreeannualcreditreport.com*, 1:17-CV-581 (E.D. Va. June 8, 2018); *Central Source LLC v. freeannualcfreditreport.com*, 1:17-CV-63 (E.D. Va. May 23, 2017); *Central Source LLC v. freeannualcreditreport2014.com*, 1:16-CV-465 (Feb. 27, 2017); *Central Source LLC v. anmnualcreditreport.com*, 1:14-CV-1754 (E.D. Va. Aug. 19, 2015); *Central Source LLC v. annualcrsditreport.com*, 1:14-CV-1755, 2015 WL 1880187 (E.D. Va. Apr. 23, 2015); *Central Source LLC v. aniualcreditreport.com*, 1:14-CV-1345 (E.D. Va. Mar. 2, 2015); *Central Source LLC v. aabbualcreditreport.com*, 1:14-CV-918 (E.D. Va. Nov. 12, 2014, *amended* Nov. 18, 2014);

*Central Source LLC v. annualcreditredport.com*, 1:14-CV-302, 2014 WL 3891667 (E.D. Va. Aug. 7, 2014); *Central Source LLC v. annualdcreditreport.com*, No. 1:14-CV-304, 2014 WL 371162 (E.D. Va. Aug. 1, 2014); *Central Source LLC v. annualcreditreport-com.us*, 1:14-CV-305, 2014 WL 3767071 (E.D. Va. July 30, 2014).

## **PARTIES**

5. Central Source is a corporation organized and existing under the laws of Delaware with a principal business address of P.O. Box 105283, Atlanta, Georgia, 30348.

6. Annualcreditdreport.com is an Internet domain name that, through either the registrar or a privacy service, has entirely concealed the identity of its registrant. A copy of the domain registration record for annualcreditdreport.com is attached as Exhibit 1.

7. Annualcreditreporft.com is an Internet domain name which, according to records in the WhoIs database of domain name registrations, is registered to an unidentified person or entity located in An Hui, China. On information and belief, the registrant of annualcreditreporft.com has used a privacy service to conceal his/her/its identity. A copy of the domain registration record for annualcreditreporft.com is attached as Exhibit 2.

8. Annyalcreditreport.com is an Internet domain name, which, according to records in the WhoIs database of domain name registrations, is registered to an unidentified person or entity who has used the privacy service PrivacyProtection.com, LLC to conceal his/her/its identity. A copy of the domain registration record for annyalcreditreport.com is attached as Exhibit 3.

9. 20annualcreditreport.com is an Internet domain name, which, according to records in the WhoIs database of domain name registrations, is registered to an unidentified person or entity who has used a privacy service to conceal his/her/its identity. A copy of the domain registration record for 20annualcreditreport.com is attached as Exhibit 4.

10. Qannualcreditreport.com is an Internet domain name, which, according to records in the WhoIs database of domain name registrations, is registered to an unidentified person or entity who has used the privacy service Domains By Proxy, LLC to conceal his/her/its identity. A copy of the domain registration record for qannualcreditreport.com is attached as Exhibit 5.

## JURISDICTION, VENUE AND JOINDER

11. This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

12. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A). *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(ii) because there is either no registrant field corresponding with the Defendant Domain Names, or where there is a registrant field, that field reflects a privacy service, a fictitious person/entity, and/or an individual residing outside the United States, and therefore Plaintiff cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A) and/or Central Source, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

14. Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Central Source will give notice of the violations of Central Source's rights, and Central Source's intent to proceed *in rem*, to the contact addresses set forth in the registration records for each of the Defendant Domain Names.

15. Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .COM domain name registry operator, VeriSign, Inc., is situated in this judicial district, and the Defendant Domain Names are all .COM domain names.

16. Joinder of the Defendant Domain Names is proper under Fed. R. Civ. P. 20(a)(2) in that the *in rem* cybersquatting claim set forth herein appears to arise out of the same series of transactions and the same questions of law are common to all of the Defendant Domain Names. Specifically, since 2004, Central Source had protectible rights in the AnnualCreditReport mark which was publicly launched and became widely known in 2004. The subsequent bad faith registration and/or use of the Defendant Domain Names that include typographical errors of Central Source's mark or include extraneous words constitutes typosquatting on Central Source's famous mark.

## CENTRAL SOURCE'S RIGHTS

17. Central Source was created in 2004 to provide consumers with a secure means to request and obtain a free credit report once every 12 months in accordance with the Fair and Accurate Credit Transactions Act. 15 U.S.C. § 1681j.

18. Central Source provides this service to consumers through a website and service available at www.AnnualCreditReport.com, and AnnualCreditReport is the only service/site authorized by the U.S. Federal Trade Commission and the Consumer Financial Protection Bureau to provide this service.

19. Central Source registered the AnnualCreditReport.com domain name on June 25, 2004.

20. Over the course of June and July of 2004, Central Source registered a large number of additional related domain names and now owns more than 600 domain names representing typographical errors of AnnualCreditReport as a defensive measure intended to protect consumers by limiting cybersquatting of domain name registrations related to AnnualCreditReport.

21. Central Source began promoting the AnnualCreditReport mark and website in a press release issued on November 23, 2004. This promotion resulted in several major media organizations nationwide publishing stories that referenced the AnnualCreditReport mark and the AnnualCreditReport.com website address. These organizations included *The Chicago Tribune*, *The Kansas City Star*, *The New York Times*, *The Sacramento Bee*, *The San Francisco Chronicle*, *The Star-Ledger, USA TODAY*, and *The Washington Post*.

22. As a result of Central Source's promotion of the AnnualCreditReport mark and AnnualCreditReport.com domain name and the corresponding media coverage, consumers immediately associated the AnnualCreditReport mark and the AnnualCreditReport.com domain name with Central Source.

23. The AnnualCreditReport service was launched for public use on November 30, 2004.

24. Since opening for public use, AnnualCreditReport received more than 700,000,000 visits to AnnualCreditReport.com.

25. The U.S. Federal Trade Commission has engaged in a wide-ranging public service campaign promoting AnnualCreditReport through informational websites, television and Internet commercials, and audio public service announcements.

26. The Federal Trade Commission has also previously pursued unauthorized Internet uses of AnnualCreditReport and typographical variations of AnnualCreditReport.

27. The Credit Card Accountability Responsibility and Disclosure Act (the "CARD Act") requires certain mandatory references to AnnualCreditReport.com whenever an advertisement or website offers a free credit report.

28. Pursuant to 15 U.S.C. § 1681j(g):

[A]ny advertisement for a free credit report in any medium shall prominently disclose in such advertisement that free credit reports are available under Federal law at: "AnnualCreditReport.com" (or such other source as may be authorized under Federal law).

29. Pursuant to 12 C.F.R. § 1022.138(b):

(3) Print advertisements. All advertisements for free credit reports in print shall include the following disclosure in the form specified below and in close proximity to the first mention of a free credit report. The first line of the disclosure shall be centered and contain only the following language: "THIS NOTICE IS REQUIRED BY LAW." Immediately below the first line of the disclosure the following language shall appear: "You have the right to a free credit report from AnnualCreditReport.com or (877) 322-8228, the ONLY authorized source under Federal law."

(4) Web sites. Any Web site offering free credit reports must display the disclosure set forth in paragraphs (b)(4)(i), (ii), and (v) of this section on each page that mentions a free credit report and on each page of the ordering process. (i) The first element of the disclosure shall be a header that is centered and shall consist of the following text: "THIS NOTICE IS REQUIRED BY LAW. …"; (ii) The second element of the disclosure shall appear below the header required by paragraph (b)(4)(i) and shall consist of the following text: "You have the right to a free credit report from AnnualCreditReport.com or (877) 322-8228, the ONLY authorized source under Federal law." The reference to AnnualCreditReport.com shall be an operational hyperlink to the centralized source, underlined, and in the same color as the hyperlink to consumerfinance.gov/learn more required in § 1022.138(b)(4)(i); (v) The third element of the disclosure shall appear below the text required by paragraph (b)(4)(ii) and shall be an operational hyperlink to AnnualCreditReport.com that appears as a centered button containing the following language: "Take me to the authorized source."

30. The mandatory disclosures required by federal law under 15 U.S.C. § 1681j(g) and 12 C.F.R. § 1022.138 have resulted in millions of references to AnnualCreditReport being presented to consumers.

31. Through promotion of AnnualCreditReport by Central Source, the Federal Trade Commission, and third parties that are statutorily required to identify AnnualCreditReport, the AnnualCreditReport mark has become famous and/or distinctive throughout the United States in connection with Central Source's services.

32. The Defendant Domain Names represent unauthorized colorable imitations of the AnnualCreditReport mark, which further demonstrates that the AnnualCreditReport mark has acquired distinctiveness and was famous and/or distinctive prior to the time of registration of the Defendant Domain Names.

33. Consumers have come to distinguish and recognize the legitimacy of Central Source's services as a result of the use and widespread promotion of the AnnualCreditReport mark. The AnnualCreditReport mark is entitled to common law trademark rights.

34. The AnnualCreditReport mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under incontestable registration number 4152650. *See* Exhibit 6.

35. Central Source's incontestable federal registration for the AnnualCreditReport mark is *conclusive* evidence of the validity of the mark, of Central Source's ownership of the mark, and of Central Source's exclusive right to use the mark in U.S. commerce.

## UNLAWFUL REGISTRATION AND/OR USE OF THE DOMAIN NAMES

36. Central Source has engaged in significant efforts to protect consumers by *inter alia* defensively registering domain names that represent typographical variations of AnnualCreditReport and by pursuing the disabling of domain names that are being used to confuse and mislead consumers.

37. Where necessary, Central Source also has successfully pursued legal action to obtain the transfer to Central Source of domain names that infringe upon the AnnualCreditReport mark and were registered and/or used in bad faith.

38. The Defendant Domain Names represent either typographical errors (known as "typosquatting") or wholesale incorporations of the AnnualCreditReport mark.

39. Upon information and belief, the typosquatting Defendant Domain Names were registered for the purpose of obtaining Internet visitors when such visitors make a typographical error on their keyboard when attempting to reach AnnualCreditReport.com by typing "AnnualCreditReport."

40. Upon information and belief, the Defendant Domain Names wholesale incorporating the AnnualCreditReport mark were registered for the purpose of misleading consumers to believe that they offer legitimate credit reporting services.

41. None of the Defendant Domain Names are configured to direct to websites that are offering bona fide services, and some direct or have directed to sites including pay-per-click advertising.

42. Upon information and belief, the registrant(s) of the Defendant Domain Names receive compensation when Internet visitors, who were attempting to reach AnnualCreditReport.com, are misdirected to the Defendant Domain Names.

43. The use of the AnnualCreditReport mark within the Defendant Domain Names and/or associated websites is without authorization from Central Source.

44. Upon information and belief, the Defendant Domain Names do not and cannot reflect the legal name of the registrant(s) of the Domain Names.

45. Upon information and belief, the registrant(s) of the Defendant Domain Names have not engaged in bona fide noncommercial or fair use of the AnnualCreditReport mark in a website accessible under the Domain Names.

46. The websites displayed by the registrant(s) of the Defendant Domain Names are likely to be confused with Central Source's legitimate online location at AnnualCreditReport.com and actual consumer confusion is occurring in the marketplace.

47. Upon information and belief, the registrant(s) of the Defendant Domain Names registered the Domain Names with intent to divert consumers away from Central Source's online location at AnnualCreditReport.com, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Defendant Domain Names and the sites displayed through use of the Defendant Domain Names.

48. Upon information and belief, the Defendant Domain Names are being used to display websites that do not comply with the mandatory disclosure provisions of 15 U.S.C. § 1681j(g) and 12 C.F.R. § 1022.138.

49. Upon information and belief, the registrant(s) of the Defendant Domain Names provided material and misleading false contact information when applying for and maintaining the registration of the Defendant Domain Names in that they concealed identifying information and/or the person or entity identified as the registrant of the Defendant Domain Names is not the true owner of the Domain Names.

50. Upon information and belief, the registrant(s) of the Defendant Domain Names use services that conceal a domain name owner's true contact information.

51. Upon information and belief, if the Defendant Domain Names were registered by different people or entities, the registrants of the Defendant Domain Names acted in concert given that the Defendant Domain Names used similar forms of cybersquatting and were registered or updated within the same time frame. *See* Exs. 1-5.

## COUNT ONE:
**(Violation of the Federal Anti-Cybersquatting Consumer Protection Act)**

52. Central Source repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

53. Central Source's federally registered AnnualCreditReport mark is famous and/or distinctive and was famous and/or distinctive prior to the time of registration of the Defendant Domain Names.

54. The aforesaid acts by the registrant(s) of the Defendant Domain Names constitute registration, maintenance, trafficking in, or use of domain names that are confusingly similar to Central Source's AnnualCreditReport mark, with bad faith intent to profit therefrom.

55. In light of the registrant(s)' concealment of the identities of the true owners of the Defendant Domain Names and/or the registrant(s)' location outside the United States, Central Source is not able to obtain *in personam* jurisdiction over the registrant(s) of the Defendant Domain Names or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

56. Central Source, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

57. The aforesaid acts by the registrant(s) of the Domain Names constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

58. The aforesaid acts have caused, and are causing, great and irreparable harm to Central Source and the public. The harm to Central Source includes harm to the value and goodwill associated with the AnnualCreditReport mark that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus, pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Central Source is entitled to an order directing the current registrars of the Defendant Domain Names to be changed to Central Source's registrar of choice and directing the registrant(s) to be changed to Central Source.

## **PRAYER FOR RELIEF**

WHEREFORE, Central Source respectfully requests of this Court:

1. That judgment be entered in favor of Central Source on its claim of cybersquatting.

2. That the Court order the registrars of the Defendant Domain Names be changed by the registries to Central Source's registrar of choice, and that the registrar change the registrant(s) to Central Source.

3. That the registrar of any other domain names registered by the registrant(s) of the Defendant Domain Names that resemble or include the AnnualCreditReport mark be changed to Central Source's registrar of choice and that such registrar change of the registrant(s) to Central Source.

4. That the Court order an award to Central Source of such other and further relief as the Court may deem just and proper.

Dated: May 2, 2023   By:   /s/ Attison L. Barnes, III
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (for *pro hac admission*)
Adrienne J. Kosak (VA Bar No. 78631)
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wiley.law
dweslow@wiley.law
akosak@wiley.law

*Counsel for Plaintiff
Central Source LLC*